# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD L. KIGER,

    Petitioner,

vs.

PAUL MORRISON, et al.,

    Respondents.

Case No. 2:07-CV-00693-RCJ-(PAL)

**ORDER**

Petitioner has submitted a response (#12) to the Court's Order (#11) that he show cause why this action should not be dismissed as untimely.

Petitioner's argument is unpersuasive. He notes repeatedly that he can ask the state courts to correct an illegal sentence at any time. Response (#12), p. 2. See also Nev. Rev. Stat. § 176.555. However, Petitioner misstates how that state-court motion affects the federal one-year period of limitation in 28 U.S.C. § 2244(d). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner argues that he had one year from August 16, 2006, when the Nevada Supreme Court's affirmed the denial of his motion to correct an illegal sentence, to commence this action. Response (#12), p. 2. The conclusion of a state-court post-conviction motion does not start the running of the period of limitation. The period started to run when Petitioner's judgment of conviction became final on December 20, 2004. Order (#11), p. 2. See also 28 U.S.C. § 2244(d)(1)(A). Petitioner has not shown that any of the other trigger dates in § 2244(d)(1) apply. The Court assumed

that the motion to correct an illegal sentence would toll the period of limitation. Order (#11), p. 2 (citing <u>Tillema v. Long</u>, 253 F.3d 494, 499-502 (9th Cir. 2001)). That motion did not reset the limitation period. The motion to correct an illegal sentence merely stopped the limitation clock from running while the motion was pending. More accurately, the motion to correct an illegal sentence would have stopped the limitation clock, but four hundred ninety-one (491) days had already passed, and the period of limitation had already run, by the time that Petitioner filed his motion to correct an illegal sentence. Order (#11), pp. 2-3 (citing <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001)). The Court also noted that one hundred fifty-six (156) days passed from the end of Petitioner's state-court post-conviction proceedings until he commenced this action. Order (#11), p. 3. Other than his incorrect argument about the effect that the motion to correct an illegal sentence had, Petitioner does not explain how equitable tolling is warranted.

Petitioner has also submitted a request for an evidentiary hearing (#9), which is moot because the Court is dismissing this action.

IT IS THEREFORE ORDERED that Petitioner's request for an evidentiary hearing (#9) is **DENIED** as moot.

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as untimely. The Clerk of the Court shall enter judgment accordingly.

Dated: September 4, 2007

_____
ROBERT C. JONES
United States District Judge